[1]UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DESHON THOMAS,** | ) | Case No. 08 C 6052 |
| | ) | |
| **Plaintiff,** | ) | **Judge Kennelly** |
| | ) | |
| v. | ) | **Magistrate Judge Brown** |
| | ) | |
| **SGT. BOWMAN, LT. A. SARABIA #501,** | ) | **Jury Demand** |
| **& DET./SGT. J. SARABIA, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR A NEW TRIAL ON DAMAGES, OR, ALTERNATIVELY, A NEW TRIAL PURSUANT TO FRCP 59

Plaintiff Deshon Thomas, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., respectfully submits this memorandum in support his motion for a new trial pursuant to FRCP 59, filed separately with the Court on February 22, 2010.[1]

### INTRODUCTION

When a verdict is contrary to the manifest weight of the evidence, a district court may grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 59(a) authorizes a trial court to grant a new trial "to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The right to a new trial in instances where a jury's verdict is unsupported by the evidence or infected by trial error is an intrinsic part of the right to trial by jury. Garperini v. Center for Humanities, Inc., 518 U.S. 415, 433 (1996) ("The exercise of a trial court's power to set a

---

[1] Plaintiff was directed to file this brief at the status and motion hearing held in this case on February 24, 2010. Though the issue of recovering attorney's fees as a partially prevailing party was discussed, Plaintiff's understanding is that this brief is simply in support of his motion for a new trial. Plaintiff respectfully reserves the right to file the appropriate motion regarding fees at a later date.

side the jury's verdict and grant a new trial is not in derogation of the right of trial by jury but is one of the historic safeguards of that right"); see also Juneau Square Corp. v. First Wisc. Nat'l Bank, 624 F.2d 798, 806 n.11 (7th Cir. 1980) quoting Wright & Miller, Federal Practice & Procedure: §2803 (1973 & Supp. 1979) ("[I]t is the [trial judge's] right, and indeed his duty, to order a new trial if he deems it in the interest of justice to do so"). A new trial should be granted if the jury's verdict was "against the clear weight of the evidence or the trial was unfair to the moving party." David v. Caterpillar, Inc., 324 F.3d 851, 863 (7th Cir.2003).

Because the trial judge is uniquely situated to rule on a motion for a new trial, the trial court has great discretion in making this determination. Forrester v. White, 846 F. 2d 29, 31 (7th Cir. 1988); see also Gen. Foam Fabricators, Inc. v. Tenneco Chemicals, Inc., 695 F.2d 281, 288 (7th Cir.1982) ("the authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court"). The Supreme Court has reaffirmed that trial judges have "large" authority to order new trials. Garperini, 518 U.S. at 433 (1996). When considering a motion for a new trial, the evidence must be viewed in the light most favorable to Plaintiff, as he prevailed on his false arrest claim against Defendant Angel Sarabia. See Grauer v. Donovan, 1996 WL 82462, *2 (N.D. Ill. 1996) ("In reviewing a motion for a new trial, we view the evidence in the light most favorable to the prevailing party").

When the amount of a damages award is a basis for a new trial, a new trial will only be granted if the award is greatly excessive or there is no rational connection between the award and the evidence. Bruso v. United Airlines, Inc., 239 F.3d 848 (7th Cir. 2001). Partial trials are proper if "it clearly appears that the issue to be retried is so

distinct and separable from the others that a trial of it alone may be had without injustice." McClain v. Owens-Corning Fiberglass Corp., 139 F.3d 1124, 1128 (7th Cir. 1998).

General verdicts include all of the necessary elements of the claim. "A general verdict, without more, will of course give rise to the presumption that material fact issues have been resolved in favor of the prevailing party…" Dual Mfg. & Eng.'g. Inc. v. Burris Indus., Inc., 619 F.2d 660, 667 (7th Cir. 1970). The only claim presented to the jury in this case was Plaintiff's false arrest claim against Defendants Angel Sarabia, Jose Sarabia, and George Bowman. After hearing approximately three days worth of evidence, the jury returned a verdict finding Defendant Angel Sarabia liable for falsely arresting Plaintiff on July 11, 2007. The jury found in favor of Defendants Jose Sarabia and George Bowman.

During the trial, Plaintiff presented undisputed evidence regarding his injuries as a result of the arrest. There was no dispute that Plaintiff was deprived of his liberty and experienced loss of freedom of movement during his arrest and detention; that he was detained for approximately 36 hours; that he was subject to unwanted physical touching and restraint during the handcuffing process; that he was strip searched at the police station; and that he suffered fear, panic, and humiliation as a result of his arrest and processing. Plaintiff's unrebutted testimony alone is sufficient. See Tullis v. Townley Eng'g Mfg. Co., 243 F.3d 1058, 1066 (7th Cir. 2001) ("[a]n award for non-pecuniary loss can be supported, in certain circumstances, solely by a plaintiff's testimony about his or her emotional distress"); see also Niebur v. Town of Cicero, 2002 WL 485698 at *22 (N.D. Ill. 2002) ("[T]he Seventh Circuit has not established any requirement that claims

of emotional injury must be supported by corroborating testimony"). In addition, it is apparent and indisputable according to the testimony of both Plaintiff and Defendant Angel Sarabia that the stop and arrest of the Plaintiff on July 11, 2007 was part of an ongoing practice by Defendant Angel Sarabia to stop and detain the Plaintiff despite a lack of any evidence that he was committing a crime or breaking any laws. There was no conclusive evidence at trial regarding what substances were allegedly recovered (there was no evidence put forth establishing that the substances recovered were determined to be illegal), who field tested the substances, the quantity or amount of the substances recovered, any inventory of the substances recovered, photographs of the substances recovered, and laboratory tests conducted on the recovered substances.

Having found for the Plaintiff against Defendant Angel Sarabia on the claim of false arrest, the jury was required to award some measure of damages in light of the evidence presented regarding Plaintiff's undisputed injuries. In awarding only nominal damages of one dollar, it is clear that the jury improperly disregarded its responsibility to set a dollar amount that would compensate Plaintiff for his undisputed injuries. The jury's award is against the manifest weight of the evidence presented and is inconsistent with both the evidence presented and the jury's determination of liability. For these reasons, a new trial on damages is warranted. Should the Court agree with the position presented by Plaintiff in this memorandum but conclude that the question of damages is so interwoven with that of liability that it cannot be submitted to a jury independently, Plaintiff requests a new trial on both liability and damages.

## ARGUMENT

I. **THE JURY RENDERED AN INCONSISTENT COMPROMISE VERDICT ON THE ISSUE OF DAMAGES.**

An examination of the evidence presented in this case, communications to and from the jury during deliberations, and the verdict itself suggest that the jury rendered an inconsistent compromise verdict on damages. A compromise verdict results when jurors settle their inability to arrive at a certain or unanimous determination on issues of liability by awarding a party inadequate damages. Carter v. Chicago Police Officers, 165 F.3d 1071 (7th Cir. 1998); Mekdeci v. Merrell Nat'l. Lab., 711 F.2d 108, 110 (11th Cir. 1983); see also National R.R. Passenger Corp. v. Koch Indus., Inc., 701 F.2d 108, 110 (10th Cir. 1983) ("A compromise judgment is one reached when the jury, unable to agree on liability, compromises that disagreement and enters a low award of damages").

The Seventh Circuit has stated that a verdict is to be considered the result of a compromise amongst the jury when the verdict is "so grossly inadequate as to compel the conclusion that [it] represented a compromise by the jury on the question of liability and damages." National Fire Ins. Co. of Hartford v. Great Lakes Warehouse Corp., 261 F.2d 35, 37 (7th Cir. 1958). Courts must consider various factors when determining whether a verdict is a result of jury compromise. The factors include "a damages award that is grossly inadequate, a close question of liability, and an odd chronology of jury deliberations." Carter, 165 F.3d at 1083 citing Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1445-46 (10th Cir. 1988). All three factors are present in this case.

    A.    <u>The damages award in this case was grossly inadequate and weighs in favor of a finding that the jury reached a compromise verdict.</u>

As the court stated in National R.R. Passenger Corp., "while a grossly inadequate award of damages by itself does not require retrying the liability issue, suspicion should be aroused if the jury awards only nominal damages." 107 F.2d at 110. The inadequacy

of the award in light of the undisputed evidence presented regarding Plaintiff's injuries is indicative of a compromise verdict when considering other factors such as the chronology of jury deliberations.

Nominal damages are the proper means of "vindicating" rights when the deprivation of those rights has not caused an actual, provable injury. Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986); see also Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Redding v. Fairman, 717 F.2d 1105, 1119 (7th Cir. 1983) ("Nominal damages are not compensation for loss or injury, but rather recognition of a violation of rights."). The Seventh Circuit has stated that "an instruction on nominal damages is only appropriate to vindicate constitutional rights whose deprivation has not caused actual, provable injury." Stachniak v. Hayes, 989 F.2d 914 (7th Cir. 1993).

As already stated herein, Plaintiff presented evidence at trial of undisputed injuries that were directly a result of the false arrest the jury held Defendant Angel Sarabia liable for. These injuries included Plaintiff's deprivation of liberty, his detention of approximately 36 hours, being subject to unwanted physical touching and restraint during the handcuffing process, being strip searched at the police station, and the fear, panic, and humiliation he experienced as a result of his arrest and processing. Nothing about the evidence presented by either party in this case supports a finding that there were no actual injuries. Each of the undisputed injuries presented at trial is compensable, and damages must be awarded for these injuries where a jury finds a violation under Section 1983. See Carey v. Piphus, 435 U.S. 247, 254-55 (1978) (where a plaintiff prevails on a §1983 claim for constitutional violations and can prove actual damages, compensatory damages are the norm); Lopez v. City of Chicago, 464 F.3d 711, 722 (7th

Cir. 2006) (citing Carey). See also Herzog v. Village of Winnetka, Ill., 309 F.3d 1041, 1044 (7th Cir. 2002) ("when an illegal arrest sets off a chain of indignities inflicted on the hapless victim, including offensive physical touchings that would be privileged if the arrest were lawful, she is entitled to obtain damages for these indignities…for they are foreseeable consequences of the illegal arrest"); Crawford v. Garnier, 719 F.2d 1317, 1324 (7th Cir. 1983) ("emotional distress, humiliation, personal indignity, and physical injury" are some of the elements of compensable injury under §1983); Grauer, 1996 WL 82462 (N.D. Ill. 1996) (plaintiff's detention and non-physical injuries alone supported $25,000 compensatory damages verdict); Bohannon v. Pegelow, 652 F.2d 729, 734-735 (7th Cir. 1981) (upheld the jury's award of $10,000 compensatory and $15,000 punitive damages in case where plaintiff claimed he was arrested without probable cause, spent sixteen hours in jail, and suffered embarrassment) . The injuries that the Plaintiff experienced in this case were a directly foreseeable consequence of Defendant Angel Sarabia's false arrest, and the Plaintiff should have been awarded compensatory damages. See Gauger v. Hendle, 349 F.3d 354, 362 (7th Cir. 2003) (a "successful tort plaintiff is entitled to damages that are a foreseeable consequence of the tort, and we have said that this principle is equally applicable to constitutional torts, including false arrest"), *overruled on other grounds*, Wallace v. City of Chicago, 440 F.3d 421, 423 (7th Cir. 2006).

Even if the jury had some doubt about the emotional pain and suffering that Plaintiff presented evidence of, there is no doubt about the fact that Plaintiff suffered a loss of liberty for one and a half days. The award of one dollar in this case does not compensate him for this loss of liberty, an injury that can be directly attributed to the

false arrest claim that the jury found Defendant Angel Sarabia liable for. Holding Defendant Angel Sarabia liable for arresting Plaintiff without probable cause, but failing to compensate Plaintiff for the undisputed injuries that were a direct result of the arrest is a verdict that is against the manifest weight of the evidence.

Courts confronted with inadequate damages awards similar to the one presented here have ordered a new trial where the jury's verdict is inconsistent with the law. Rosario v. Litavidas, 963 F.2d 1013, 1022 (7th Cir. 1992) (finding of RICO violation and jury award of $0 reversed with a holding that a partial new trial on damages was warranted); McClain, 139 F.3d at 1126 (affirming new trial on inadequate damages award); Bedenfield v. Shultz, 272 F.Supp.2d 753 (N.D. Ill. 2003) (after jury found in favor of plaintiff in §1983 excessive force case and awarded only nominal damages of one dollar, district court held that there was no reasonable basis for jury's award of nominal damages and ordered a new trial on damages); Johnson v. Picicco, 2001 WL 219665, *8 (N.D. Ill.) (after jury found in favor of plaintiff Johnson on §1983 claim for false arrest against all defendants and unlawful search and false imprisonment claims against one of the two defendants and awarded only nominal damages of one dollar, the district court ordered a new trial on liability and damages, stating: "It cannot be ignored that finding liability on Johnson's unlawful arrest and false imprisonment claims, but finding only nominal compensatory damages is against the clear weight of the evidence. It is clear that Johnson was emotionally upset both at the scene of the arrest and while in custody at the police station. If the arrest was without probable cause, Johnson necessarily suffered at least some proximately caused compensatory damages"); Grauer, 1996 WL 82462 (N.D. Ill. 1996) (in first trial on plaintiff's false arrest claim, jury found

individual defendant officer liable but awarded zero damages, leading the court to grant a motion for a new trial).

The opinion by the court in Kerman v. City of New York, 374 F. 3d 93 (2nd Cir. 2004) considering an issue similar to the one presented here is instructive and indicative of the inadequacy and impropriety of the jury's award in this case. The Kerman court stated:

> "In contrast, where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a mater of law...Where the Plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages. Citing Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 38-39 (2nd Cir. 1985), cert. denied, 475 U.S. 1027 (1986). In Raysor, the plaintiff, while attempting to return approximately $16 worth of pills to a store, was arrested and was detained for several hours. Following his exoneration, he brought suit under §1983 and state law for false arrest and malicious prosecution. The jury found against him on the constitutional claims but found one defendant liable on the state-law claims; it awarded the plaintiff compensatory damages of $16. We held that this award was inadequate to compensate the plaintiff for 'the loss of time…involved in a case of false arrest. We noted that New York cases uphold awards of up to $10,000 for eve[n] short periods of confinement without proof of actual damages. Citing Hallenbeck v. City of Albany, 99 A.D.2d 639 (1984) ($10,000 for three hours); Woodard v. City of Albany, 81 A.D.2d 947 (1981) ($7,500 for five hours); Guion v. Associated Dry Goods Corp., 56 A.D.2d 798 (1977) ($10,000 for three hours)."

B.     <u>An examination of the second and third factors, a close question of liability and an odd chronology of jury deliberations, both indicate a compromise verdict.</u>

The pattern of jury deliberations in this case is suspect (See Exhibit 1). When paired with the grossly inadequate award, the only reasonable conclusion that can be reached is that the verdict was the product of a compromise. The case went to the jury shortly before 1:00 p.m. on February 11, 2010. After deliberating approximately three hours, the jury indicated to the Court that it had a question regarding one of the

instructions, specifically, the instruction regarding the elements for false arrest (See Exhibit 1, p. 2). The jury inquired as to when a person was to be considered "officially arrested". After speaking with counsel for both parties, the Court drafted a note to the jury advising them that a person is considered to be under arrest when, because of a show of authority by a police officer, the person is not free to leave (See Exhibit 1, p. 5). This note was given to the jury at approximately 4:15 p.m. Also contained in this note was a request by the Court that the jury advise via return note how much longer they planned to deliberate that afternoon and what time, if any, they planned to return the next morning (See Exhibit 1, p. 6). Approximately forty minutes later, at 4:55 p.m., the jury responded to the Court's note and stated that they were "unable to reach agreement" and were "umoved" since they started deliberations. The note also stated that they could stay until 6:00 p.m. At 5:00 p.m., the Court's response was sent to the jury; it informed the jury that they should continue to deliberate until 5:30 p.m. and that they were to return at 9:30 a.m. the next morning. Though not in the record, Plaintiff's memory of the events following that note is that almost immediately thereafter, the jury sent a note to the Court advising that they had made significant progress and would be done shortly[2]. At 5:17 p.m., approximately twenty minutes after the jury had indicated they were unmoved and they could not reach agreement, a verdict against Defendant Angel Sarabia and the award of one dollar for Plaintiff was announced.

      The jury's sudden ability to arrive at a unanimous decision almost immediately after announcing that it could not come to a unanimous decision and when faced with the prospect of having to return the next day for further deliberations is very questionable.

---

[2] A hearing was held on March 24, 2010 on Plaintiff's motion for production of all communications to and from the jury. Though this note cannot be located, the Court and the parties are in agreement that the note stated something to the effect that substantial or significant progress had been made.

Evidence of a jury claiming to be deadlocked, along with other factors, has been found to weigh in favor of a finding that there was a compromise verdict.  See <u>Mekdeci</u>, 711 F.2d at 1515 ("The [jury's] effort to explain their verdict, coupled with the announcement of a deadlock…, reinforces the notion that the jurors could not reach an agreement on the substantive issues."); <u>see also</u> <u>Skinner</u>, 859 F.2d 1439 ("While the computation of damages may not alone support Mr. Skinner's argument that the jury's verdict was the product of compromise, the pattern of jury deliberations in this case is suspect…the jury's sudden arrival at unanimity [after indicating to the court that it was unable to reach a unanimous decision], when just a few hours before it was still struggling with an apparently close issue of liability, raises the question of the reliability of the jury's verdict…we therefore reverse the portion of the district court's order denying Mr. Skinner's motion for a new trial").  Note that the <u>Skinner</u> court found the jury's sudden arrival at unanimity a few *hours* after struggling with reaching agreement suspect; the present case involves a situation where the jury reached unanimity approximately *twenty minutes* after claiming to be deadlocked.

      The fact that the jury initially indicated that it could not reach a unanimous decision, coupled with its question about the elements of a false arrest claim, indicates that there was a close question of liability.  Moreover, the sequence and substance of communications to and from the jury during deliberations highly suggests that the verdict returned was the product of a compromise.  This jury renounced its obligation to resolve all the issues in this case and improperly settled its deadlock by entering a finding of liability for the Plaintiff against Defendant Angel Sarabia, but awarding no damages despite undisputed evidence of injuries.  The compromise reached by the jury was

inappropriate and necessitates a new trial.

## CONCLUSION

When a court determines that a verdict is the result of an improper compromise, the verdict taints the entire proceeding and the proper remedy is a new trial on all issues. See National Fire Ins. Co. of Hartford, 261 F.2d at 38; see also Mekdeci, 711 F.2d at 1514 ("if sufficiently persuasive indicia of a compromise are present, then the issues of liability and damages are inseparable and a complete new trial is necessary").  It should be noted, however, that in Bedenfield v. Shultz, 272 F.Supp.2d 753 (N.D. Ill. 2003), the court granted plaintiff's motion for a new trial on damages and did not order a new trial on liability despite Plaintiff's argument that the verdict represented a compromise verdict. In Bedenfield, the jury found in favor of the plaintiff on his excessive force claim, but awarded only nominal damages.  Prior to returning with a verdict in favor of the Plaintiff on liability and their award of one dollar in nominal damages, the jury in Bedenfield had indicated that they were at an impasse (See Exhibit 2).  In ordering a new trial on damages, the court did not specifically address the plaintiff's argument that the verdict was a compromise verdict, but instead based its ruling on its finding that there was no reasonable basis for the jury's award.

For the reasons stated herein, Plaintiff respectfully requests that this Court grant his motion for a new trial.  Plaintiff believes that a new trial on damages only is sufficient, particularly in light of the decision in Bedenfield that only a new trial on damages was necessary.  Defendants may argue in response to this brief that if a new trial is to be ordered, one must be ordered both with respect to liability and damages. However, if, as the Defendants may argue, the liability and damages issues are so

strongly intertwined such that a new trial only on the issue of damages is manifestly unfair to the Defendants, one would think that the Defendants would have appealed the liability issue.  See Rosario, 963 F.2d 1013, 1022 (when holding that a partial new trial on damages only was warranted after a finding of a RICO violation and a jury award of $0, court disagreed with Defendants' argument that a new trial on liability and damages was necessary as the two issues were so interwoven, explicitly noting that the Defendants never appealed the liability issue).

Should the Court agree that the verdict rendered was a compromise but conclude that the question of damages is so interwoven with that of liability that it cannot be submitted to a jury independently, Plaintiff requests a new trial on both liability and damages.  Given the legal authority discussed herein, Plaintiff recognizes that the Court may find that a new trial on both liability and damages is necessary.  Though Plaintiff did not explicitly raise the argument of a compromise verdict in his original motion, Federal Rule 59(d) was amended in 1966 to make clear a court's power to consider grounds for granting a new trial motion that were not raised within the time period for filing the motion.  See Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (II), 81 Harv.L.Rev. 591, 598 (1968)

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion for a new trial, and any other relief the Court deems just.

Respectfully submitted,

/s/ Ronak Patel

**GREGORY E. KULIS & ASSOCIATES, LTD.**
**30 N. LaSalle Street, Suite 2140**
**Chicago, IL 60602**
**(312) 580-1830**